IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

IAN V. JACOBS,                        §
                                      §
      Plaintiff,               §
                                      §
v.                                    §        CIVIL ACTION NO. 8:17-CV-00362
                                      §
FAREPORTAL, INC.,                     §
                                      §
      Defendant.              §

## STIPULATED PROTECTIVE ORDER

The parties, through their undersigned counsel, stipulate and agree that an order is necessary to protect the confidentiality of information and items obtained in the course of discovery in this Action. The following Stipulated Protective Order ("Protective Order") is entered:

## I.
### DEFINITIONS

(a)     "Party" or "Parties" means any or all parties to this Action, and any Party's parents, subsidiaries, divisions, branches, affiliates, predecessors or successors-in-interest, marital or domestic partner (if any), heirs, and permitted assigns.

(b)     "Non-Party" means any entity or person that is not a Party.

(c)     "Disclosing Party" means a Party or Non-Party producing or disclosing any Protected Information during the course of this Action.

(d)     "Receiving Party" means any Party to which Protected Information is produced or disclosed, whether voluntarily or in response to formal or informal discovery requests, subpoenas, deposition notices, or court orders by any Disclosing Party in this Action.

(e)     "Consultant" or "Consultants" means any or all persons retained by a Party in connection with this Action, including experts, trial preparation consultants, and jury consultants, but not employed by that Party.  Consultants shall be limited to such persons as, in the judgment of that Party's counsel, are reasonably necessary for the development and/or presentation of that Party's case.

(f)     "CONFIDENTIAL INFORMATION" means documents, materials and information which contain confidential, proprietary, personal, or sensitive information that is not generally known, and which the Disclosing Party would not normally reveal to third parties or would cause third parties to maintain in confidence, or documents or information that, if released publicly, would cause embarrassment or damage to reputation.

(g)     "ATTORNEYS' EYES ONLY INFORMATION" or "HIGHLY CONFIDENTIAL INFORMATION" means any information or item, regardless of the medium or manner in which it is generated, stored, or maintained, that the Disclosing Party or Non-Party believes in good faith to be so commercially sensitive or confidential that disclosure to persons other than those authorized by this Protective Order would have the effect of causing harm to the competitive commercial position of the Disclosing Party or Non-Party making the designation. By way of example and not limitation, the following categories of information meet the definition of ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL INFORMATION: (1) documents containing confidential customer information; (2) confidential business records, plans and information, including, marketing and pricing strategies; (3) tax, sales, and/or other financial records, plans and information; (4) trade secrets; (5) software codes.

(h)     "Protected Information" means any CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY/HIGHLY CONFIDENTIAL INFORMATION designated by a Party or Non-Party in accordance with this Protective Order.

(i)     "Documents" shall have the broadest meaning permissible under the Federal Rules of Civil Procedure and shall include, without limitation, all "writings," "records," and "photographs" as defined in Rule 1001 of the Federal Rules of Evidence, and any electronically stored information.

(j)     "Action" shall mean the instant case captioned *Ian V. Jacobs v. Fareportal, Inc.,* Civil Action No. 8:17-CV-00362, in the United States District Court for the District of Nebraska.

## II.
## SCOPE OF PROTECTIVE ORDER

This Protective Order governs the handling of all Protected Information produced or disclosed by a Disclosing Party or Non-Party to a Receiving Party, regardless of the medium or manner in which the information is generated, stored, or maintained (including, among other things, documents, transcripts, interrogatory responses, responses to requests for admissions, declarations, exhibits, and briefs, or portions of such materials).  This Protective Order also applies to any Receiving Party generated note, index, chart or spreadsheet made with regard to Protected Information.

This Protective Order does not cover the following information or items: (a) any information or items that are in the public domain at the time of disclosure or that become part of the public domain after their disclosure as a result of publication not involving a violation of this Protective Order, including information or items that become part of the public record through trial and (b) any information or items known to the Receiving Party prior to disclosure or obtained by the Receiving Party after disclosure from a source who obtained the information

lawfully, not in violation of this Protective Order, and under no other obligation of confidentiality to the Disclosing Party.

## III.
### USE OF PROTECTED INFORMATION

All Protected Information will be used solely for the purposes of preparation, trial, and appeal of this Action ONLY, or any settlement negotiations relating to this Action ONLY, and for no other purpose. Protected Information may not be used by the Receiving Party in any other legal or administrative proceeding or disclosed to any governmental office absent further order of the Court or written consent of the Disclosing Party.

## IV.
### DESIGNATION OF PROTECTED INFORMATION

Any Party or Non-Party may, in good faith, designate any non-public information or items as Protected Information in the following manner:

(a)     Documents. Documents will be designated as Protected Information by stamping them as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL" legend on each page containing Protected Information; where it is not feasible to place a legend on each page (which the Parties recognize may be the case with certain documents, such as certain electronically stored information, including, but not limited to, data produced in native format such as Excel documents), by specifying in writing, by Bates number or otherwise, which information is to be designated as Protected Information and physically affixing the appropriate legend on the hard drive, DVD, CD, or other media on which such information is produced, if applicable, or by clearly designating documents as Protected Information in a separate statement.

(b)     Transcripts.  Information disclosed or documents referred to at the deposition or other pretrial testimony of any witnesses, including a Party or Non-Party or one of its present or former officers, directors, employees, agents, or independent experts, may be designated by any Party or Non-Party as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," by indicating on the record to the other Party which pages, page or portions of a page of a deposition transcript contain such information, as applicable (including exhibits).  The Party or Non-Party wishing to designate such material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may also do so pursuant to a written letter served within thirty (30) days after receipt of the final (not draft) transcript.  Until such time as that designation is made or the thirty (30) days expires, the whole transcript (including any drafts) and all documents and exhibits referred to therein, and/or attached thereto, shall be deemed "ATTORNEYS' EYES ONLY."  At the expiration of the 30-day period, any designations made on the record or by letter shall control, subject to a Party's right to contest them as provided in paragraph XII, below. In addition, the applicable legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Protected Information, together with a legend stating, "Designated parts not to be used, copied or disclosed except as authorized by Court Order."  The applicable legend shall also be placed on each page of the transcript that contains such Protected Information.  If all or part of a videotaped deposition is designated as Protected Information, the videocassette, other videotape container, or DVD shall be labeled with the applicable legend(s). The Parties may modify this procedure for any particular deposition or proceeding through agreement on the record at such deposition or proceeding or otherwise by written stipulation, without approval of the Court.

(c)     Things.  Things will be designated as Protected Information by affixing a label to the exterior of the thing bearing the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"/"HIGHLY CONFIDENTIAL" as applicable.  The legend will be placed directly above, below, or next to the Disclosing Party's production numbers to the extent possible.  If it is not feasible to affix a label to the exterior of the thing, the Disclosing Party may clearly designate things as constituting Protected Information in a separate statement.

(d)     If any Party produces documents by making original documents available for inspection and copying (the "Producing Party"), then at the time of inspection all such documents shall be deemed "ATTORNEYS' EYES ONLY" within the meaning of this Order. The inspecting Party shall then designate the original documents for copying, and the Producing Party shall designate on the copies those documents which the Producing Party deems to be "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" within the meaning of this Protective Order.   Any copies not so designated by the Producing Party shall not be deemed "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" within the meaning of this Protective Order.

(e)     Any copies or reproductions, excerpts, summaries, or other documents or media that paraphrase, excerpt, or contain Protected Information shall be treated as Protected Information pursuant to this Protective Order.

(f)     Information produced by a Disclosing Party may be designated as Protected Information within the meaning of this Protective Order, at the time such information is produced or as soon thereafter as the Producing Party becomes aware of the sensitive or proprietary nature of the information sought to be protected hereunder.

# V.
## DISCLOSURE OF CONFIDENTIAL INFORMATION

CONFIDENTIAL INFORMATION will not be made available, nor will the contents of such information be disclosed, to persons other than the following Qualified Persons:

(a)     The Parties, their in-house counsel and members of their legal department, and no more than 4 employees or independent contractors whose workplace is physically located on premises owned or leased the by the Parties.

(b)     The Receiving Party's counsel for this Action and their regularly employed support personnel (such as paralegals, secretaries, and administrative staff).

(c)     Personnel at document duplication, electronic discovery, graphics, and other vendors and their regularly employed support personnel acting under the supervision and control of the Receiving Party's counsel for this Action.

(d)     Consultants and their regularly employed support personnel to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound By Protective Order attached to this Protective Order as Exhibit "A".

(e)     The Court, Court personnel, potential jurors, jurors, alternate jurors, court reporters, stenographers, and videographers transcribing or recording testimony at depositions, hearings, or trial in this Action.

(f)     Other attorneys consulting with the Receiving Party's attorneys or with whom a joint prosecution or defense agreement has been executed, so long as any such attorneys have executed the Agreement to Be Bound By Protective Order attached as Exhibit "A".

(g)     The Parties reserve the right to make applications on motion with notice to the Court for the inclusion of any additional category of "witness" as a "Qualified Person."

## VI.
### DISCLOSURE OF ATTORNEYS' EYES ONLY/HIGHLY CONFIDENTIAL INFORMATION

ATTORNEYS' EYES ONLY and HIGHLY CONFIDENTIAL INFORMATION will not be made available, nor will the contents of such information be disclosed, to persons other than the following Qualified Persons:

(a)     The Receiving Party's counsel of record for this Action and their regularly employed support personnel (such as paralegals, secretaries, and administrative staff), as well as the Receiving Party's in-house counsel (in the case of Fareportal, presently, Jonathan Perkel and Li. Reilly, and their regularly employed support personnel).

(b)     Personnel at document duplication, electronic discovery, graphics, and other vendors and their regularly employed support personnel acting under the supervision and control of the Receiving Party's counsel for this Action.

(c)     The Court, Court personnel, potential jurors, jurors, alternate jurors, court reporters, stenographers, and videographers transcribing or recording testimony at depositions, hearings, or trial in this Action.

(d)     Consultants and their regularly employed support personnel to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound By Protective Order attached as Exhibit "A".

(e)     The Parties reserve the right to make applications on motion with notice to the Court for the inclusion of any additional category of "witness" as a "Qualified Person."

## VII.
### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

(a)     Protected Information provided by or on behalf of any person shall not be made available by any person to persons other than Qualified Persons as set forth above in paragraphs

V and VI, except as provided herein. Prior to the disclosure of any Protected Information to any person authorized to inspect such information under paragraphs V and VI above but required to sign the Agreement to Be Bound by Protective Order, such person shall execute under oath the Agreement to Be Bound by Protective Order in the form attached hereto as Exhibit "A".

(b)     Copies of the signed Agreements to Be Bound by Protective Order will be provided to and retained by counsel for the Disclosing Party during the course of this Action and until this Action is terminated by dismissal or Final Judgment.

## VIII.
### NON-PARTY PROTECTED INFORMATION

(a)     If a Non-Party so requests, and executes the Agreement to Be Bound by Protective Order in the form attached hereto as Exhibit "A," the terms of this Protective Order will be applicable to information produced by a Non-Party to this Action, whether through deposition, document production, or otherwise, and designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION or HIGHLY CONFIDENTIAL INFORMATION. Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Protective Order.

(b)     In the event a Non-Party is obligated to provide discovery in this action via subpoena, a Party who believes in good faith that such subpoena may compel disclosure of Protected Information in connection with which that Party holds a proprietary or other interest, shall promptly so notify the Party serving such subpoena. Such Party may thereupon designate the information in accordance with this Protective Order. Specifically  with respect to documents produced in response to a subpoena as to which a Party has given notice under this paragraph, the Party receiving such documents shall, upon receipt of said documents, so advise the Party giving notice. The Party giving notice shall then have 10 business days to inspect and

designate such documents in accordance with this Order. Pending designation, the documents shall be treated as ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL INFORMATION.

## IX.
### LIMITED DISCLOSURE TO WITNESSES

Notwithstanding the above, Protected Information may be made available, or be disclosed to witnesses if: (a) in the case of a document, it appears that the witness has previously seen or received the Protected Information contained in the document, either because the document identifies the witness as an author, recipient, or copyee, or because the document comes from the files of the witness; (b) the lawyer disclosing such Protected Information has a reasonable, good faith belief that the witness has had previous access to the Protected Information based on the credible sworn testimony of the witness or other witnesses with specific knowledge about the witness' access; or (c) the witness is employed by the Disclosing Party and the Disclosing Party agrees that the employee is allowed access to the level of Protected Information that will be made available or disclosed to the witness. If subparagraphs (a)-(c) do not apply, a witness may still have access to Protected Information for purposes of his or her testimony if the Disclosing Party agrees in writing.

## X.
### ATTENDANCE AT DEPOSITIONS

A Party or Non-Party who believes that Protected Information is or will be disclosed at a deposition may exclude from the deposition room any person who is not a Qualified Person, unless the person sought to be excluded meets the parameters for a Qualified Person set forth in paragraphs V or VI above, the person agrees to be bound and promptly executes the Agreement attached as Exhibit "A" and agrees to leave the deposition whenever ATTORNEYS' EYES

ONLY or HIGHLY CONFIDENTIAL INFORMATION is to be disclosed if that person is not entitled to receive ATTORNEYS' EYES ONLY or HIGHLY CONFIDENTIAL INFORMATION under this Order.

## XI.
### FILING CONFIDENTIAL INFORMATION

Any party seeking to file with the Court Protected Information must do so under seal or with a "restricted access" designation in accordance with the Court's procedures for filing under seal under Nebraska Civil Rule 7.5 or the Court's procedures for filing under "restricted access." See NECivR 5.3(c).

## XII.
### PROCEDURE FOR CHALLENGING DESIGNATIONS

(a)     Timing of Challenges.  Any Party or Non-Party may challenge a confidentiality designation at any time (the "Challenging Party").  Unless a prompt challenge to a Disclosing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to challenge the designation promptly after the original designation.

(b)     Meet and Confer.  The Challenging Party will initiate the dispute resolution process by providing written notice of each designation of Protected Information it is challenging and describing the basis for each challenge.  The Parties will attempt to resolve each challenge in good faith and must begin the process by conferring within seven (7) days of the date of service of the notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Disclosing Party an opportunity to

review the Protected Information, to reconsider the designation and, if no change in the designation is made, to explain the basis for the designation.

(c)     Judicial Intervention.  If the Parties cannot resolve a challenge without Court intervention within fourteen (14) days of the initial notice, the Disclosing Party may file a motion seeking intervention from the Court to maintain the Protected Information as Confidential or Attorneys' Eyes Only in accordance with paragraph 11 of this Agreement which outlines the procedures regarding filing protected information subject to challenge.

## XIII.
### PARTY INFORMATION

Nothing in this Protective Order will limit any Disclosing Party's use of its own Protected Information, nor will anything in this Protective Order prevent any Disclosing Party from disclosing its own Protected Information to any person.

## XIV.
### INADVERTENT PRODUCTION OF PROTECTED INFORMATION OR PRIVILEGED MATERIAL

(a)     The inadvertent or unintentional disclosure by the Disclosing Party of Protected Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of the Disclosing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon learning of an inadvertent or unintentional disclosure of Confidential Information, the Disclosing Party shall within thirty (30) days designate such information as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL." The obligation to treat such Confidential Information as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL" shall run prospectively from the date of designation; provided, however, that, after designation, any

Party in receipt of such information must endeavor in good faith to obtain all copies of such information that it distributed or disclosed to persons not authorized under this Protective Order to receive such information, as well as any copies made by such persons. Nothing contained within this Paragraph prevents a Party from challenging such a designation of documents or information pursuant to the procedures contained in paragraph XII.

(b)     In the event of an inadvertent production or disclosure of any information that a Party or Non-Party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege, work product privilege, or joint defense privilege ("Inadvertently Produced Privileged Material"), the Receiving Party must promptly return, sequester, or destroy the specified information and any copies the Party has, at the Disclosing Party's election; must not use or disclose the information and must take reasonable steps to retrieve the information if the Party disclosed it before being notified. The inadvertent production of such material will not be deemed to waive any privileges. A request for the return of any Inadvertently Produced Privileged Material will identify the material inadvertently produced and the basis for withholding such material from production. If a Party or Non-Party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Material then in the custody of another Party, such Party will within seven (7) days return to the Disclosing Party the Inadvertently Produced Privileged Material and all copies thereof. The Party or Parties returning such Inadvertently Produced Privileged Material will not assert as a ground for entering an order compelling production of the Inadvertently Produced Privileged Material the fact or circumstances of the inadvertent production. The return of any Inadvertently Produced Privileged Material will not in any way preclude the Receiving Party from moving the Court for an Order that: (i) the material was never privileged or otherwise immune from

disclosure; or (ii) that any applicable privilege or immunity has been waived by some act other than the inadvertent production of this information. The burden of establishing a privilege is on the Disclosing Party producing the information.

## XV.
### DURATION OF PROTECTIVE ORDER

(a) The obligations imposed by this Protective Order will remain in effect even after the final disposition of this Action, until a Disclosing Party agrees otherwise in writing, or a Court order otherwise directs. Final disposition will be deemed to be the later of (i) dismissal of all claims and defenses in this Action, with or without prejudice; and (ii) Final Judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

(b) In the event that any Qualified Person ceases to be affiliated with a Disclosing Party, the provisions of this Protective Order will remain in full force and effect as to such Qualified Person, except that such person will immediately cease to have access to Protected Information and will immediately return all Protected Information to the Disclosing Party as of the time the Qualified Person ceases to be affiliated with a Disclosing Party.

## XVI.
### RETURN OR DESTRUCTION OF PROTECTED INFORMATION

Upon final disposition of this Action (including a final appeal) as referenced in paragraph XV above, each Party or Non-Party subject to the terms of this Protective Order will return to each Disclosing Party all originals and reproductions of any Protected Information within sixty (60) days. In lieu of returning Protected Information, a Party may destroy all such material within sixty (60) days, provided the Party electing to undertake such destruction certifies to the

Disclosing Party in writing that it has destroyed all such material. All qualifying persons who have been privy to such Protected Information shall, even after resolution of the litigation, be under a continuing duty not to reveal such Protected Information.

## XVII.
## MODIFICATION OF AGREEMENT AND NO WAIVER

Any Party may seek to modify, expand, cancel, or supersede this Agreement by written stipulation of the Parties or by motion on notice. Nothing herein shall constitute an admission or waiver of any claim or defense by any Party, nor shall anything herein prejudice in any way the rights of any Party to:

(a)     object to the production of documents it considers not subject to discovery; or

(b)      seek a Court determination of (i) whether particular discovery material shall be produced; or (ii) if produced, whether such material should be the subject of this Protective Order; or

(c)     apply to the Court for a further order relating to any Protected Information;

(d)     object to the admissibility at trial for any information or items on any appropriate ground, or to make any objection or claim of privilege, or otherwise contest any discovery request or question at a deposition;

(e)     seek a protective order under Federal Rule of Civil Procedure 26(c);

(f)     seek relief from any provision of this Protective Order; or

(g)     seek documents or other information from any source.

## XVIII.
## HANDLING OF PROTECTED INFORMATION

This Order does not purport to govern the handling of Protected Information introduced at trial or in other live Court proceedings related to this Action. Protection of confidential

discovery materials in such proceedings is left to the further agreement of the Parties and Order of the Court.

## XIX.
### ADDITIONAL PARTIES

In the event additional persons become Parties to this Action, such new Parties shall not have access to CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY/HIGHLY CONFIDENTIAL INFORMATION produced by or obtained from any other Party or Non-Party to this Action until the newly joined Party, and the original Parties to this Action (through counsel), have executed and filed with the Court an amendment to this Protective Order.

## XX.
### SUBPOENAS

Any Party or person in possession of Protected Information who receives a subpoena or other process from any person or entity who is not a party to this Protective Order, which subpoena or other process seeks production or other disclosure of such information, shall, within three (3) business days after receipt of such process or reasonably prior to the date on which such process seeks the production of such information, give telephonic notice and written notice by overnight delivery or e-mail to counsel for the Disclosing Party who designated the materials as Protected Information, identifying the materials sought and enclosing a copy of the subpoena or other process. The Party or person receiving the subpoena shall also inform the person seeking the Protected Information that such information is subject to this Protective Order. No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the last date on which production may be made as specified in or required by the subpoena or other process. Nothing contained within this paragraph shall obligate any Party or person who receives a subpoena or other process seeking the production or disclosure of

Protected Information to resist such production or disclosure, or be construed as encouraging any Party or person not to comply with any court order, subpoena, or other process, but the Party or person receiving the subpoena will not interfere with the Disclosing Party's attempt to seek protection or relief from any such court order, subpoena, or other process.

## XXI.
### COUNSEL OF RECORD

All counsel in this Action and all members and employees of their relative law firms will take all steps reasonably necessary to comply with this Protective Order.

## XXII.
### DESIGNATION OF DOCUMENTS

Designation of any document as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL" does not mean that for any purpose that document necessarily contains or reflects trade secrets or non-public, proprietary or confidential information or other confidential matters. Such designation as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL" cannot be either a presumption, inference or evidence that such document contains or reflects trade secrets or nonpublic proprietary commercial information or other confidential matters.

## XXIII.
### MISCELLANEOUS

(a) Upon the final resolution of this litigation, the provisions of this Protective Order shall continue to be binding. This Court expressly retains jurisdiction over this litigation for enforcement of the provisions of this Order following the final resolution of this litigation.

(b) This Protective Order is binding on all Parties to this action, on all Non-Parties who have

agreed to be bound by this Protective Order, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court.

(c) All time periods set forth in this Protective Order shall be calculated according to Rule 6 of the Federal Rules of Civil Procedure, as then in effect.

(d) This Protective Order may be executed in counterparts. Facsimile or .PDF signatures will be Considered as valid signatures as of the date hereof, although counsel will retain the original signature pages in case they must be filed with the Court at some time in the future.

IT IS SO ORDERED:

December 13, 2017.                                    BY THE COURT:

                                                     Cheryl R. Zwart
                                                     United States Magistrate Judge

Respectfully submitted,

 /s/ John P. Passarelli
**John P. Passarelli**
Nebraska State Bar No. 16018
**Carol A. Svolos**
Nebraska State Bar No. 24731

**Kutak Rock, LLP**
1650 Farnam Street
The Omaha Building
Omaha, Nebraska  68102
Phone: (402) 231-8913
Fax:    (402) 346-1148
John.Passarelli@KutakRock.com
Carol.Svolos@KutakRock.com

and

**Jacob B. Kring** (*Pro Hac Vice Pending*)
Texas State Bar No. 24062831
**Britton D. McClung** (*Pro Hac Vice Pending*)

Texas State Bar No. 24060248
**Laura M. Fontaine** (*Pro Hac Vice Pending*)
Texas State Bar No. 24065239

**HEDRICK KRING, PLLC**
1700 Pacific Avenue, Suite 4650
Dallas, Texas 75201
Phone:  (214) 880-9600
Fax:  (214) 481-1844
Jacob@HedrickKring.com
Britt@HedrickKring.com
Laura@HedrickKring.com

**ATTORNEYS FOR PLAINTIFF**


/s *Michael T. Hilgers*
**Michael T. Hilgers**
Nebraska State Bar No: 24483

**HILGERS GRABEN PLLC**
14301 FNB Parkway, Suite 100
Omaha, Nebraska 68145
Phone: (402) 218-2106
Fax:  (402) 413-1880
MHilgers@Hilgersgraben.com

**Eleanor M. Lackman** (*Pro Hac Vice Pending*)
New York State Bar No. 4219598

**COWAN, DEBAETS, ABRAHAMS & SHEPPARD LLP**
41 Madison Avenue, 38th Floor
New York, New York 10010
Phone: (212) 974-7474
Fax: (212) 974-8474
ELackman@cdas.com

**ATTORNEYS FOR DEFENDANT**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IAN V. JACOBS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 8:17-CV-00362 |
| | § | |
| FAREPORTAL, INC., | § | |
| | § | |
| Defendant. | § | |

## **AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ , declare:

1.    My current business address (or home address if no business address exists) is ___

_____

2.    I have received a copy of the Stipulated Protective Order (the "Order") in this Action. I have carefully read and understand the provisions of the Order.

3.    I agree to be bound by the provisions of the Order.

4.    I will hold in confidence and not disclose, or cause anyone else to disclose, any CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY INFORMATION, or HIGHLY CONFIDENTIAL INFORMATION (collectively, "Protected Information") to anyone not qualified to receive such Protected Information under this Order.

5.    I will use Protected Information only for the purposes of this litigation.

6.    In the event I am not certain whether disclosure in a particular instance is permissible under the Order, I will request guidance from the counsel for the party providing me with the Protected Information and will disclose such Protected Information only if advised by counsel that such disclosure is permissible.

7.      I will return all Protected Information to counsel for the party providing me with the Protected Information in accordance with the provisions of the Order.

8.      I consent to the jurisdiction of this Court for the purposes of enforcement of this Order.


Dated: _____, 20___          By:_____