IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IAN V. JACOBS,<br><br>                Plaintiff,<br><br>vs.<br><br>FAREPORTAL, INC.,<br><br>                Defendant. | **8:17CV362**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Defendant's Motion for Leave to file Amended Counterclaims. (Filing No. 80). For the reasons explained below, the motion will be granted.

ANALYSIS

I.      <u>Applicable Standard</u>

Jacobs argues Defendant's Motion is untimely because it was filed after the deadline for filing motions to amend. Plaintiff, therefore, contends that Rule 16's good-cause standard should apply, as opposed to the more liberal standard of Rule 15(a)(2). Plaintiff is mistaken.

The good cause requirement applies to modifying the deadlines in a case scheduling order. Fed. R. Civ. P. 16(b)(4). The court never entered a scheduling order in this case. Furthermore, in their Rule 26(f) Report, the parties stipulated to a proposed deadline that landed on a day the court is closed. Thus, even had a scheduling order been entered, the court-modified deadline for moving to amend would have been the next business day following the parties' stipulated proposed deadline--which is precisely the day Defendant *did file* the instant motion.

Defendant's motion is properly evaluated under the less demanding Rule 15 standard. Pursuant to Federal Rule of Civil Procedure 15(a)(2), the court grants leave to amend "freely . . . when justice so requires." "Amendments to pleadings should be allowed with liberality in the absence of circumstances such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment. Klipsch, Inc. v. WWR Technology, Inc., 127 F.3d 729, 732-33 (8th Cir. 1997) (citation and internal quotation omitted).

II.     Undue Prejudice

Plaintiff contends that even if this court does apply the Rule 15 standard, Fareportal's proposed amendment should still be denied as unduly prejudicial because it will require additional discovery, including new expert testimony. (Filing No. 94, at CM/ECF p. 5.) When deciding whether allowing an amendment will prejudice the opposing party, the court must consider whether asserting new counterclaims will require expending significant additional resources on discovery and trial preparation, or significantly delay resolving the dispute. See, Long v. Wilson, 393 F.3d 390, 400 (3rd Cir. 2004).

Plaintiff argues Defendant's proposed additional counterclaims will require discovery into the parties' respective uses of their trademarks at all times since their respective beginnings, and thereby greatly increase the cost of discovery. (Filing No. 94, at CM/ECF p. 6.) Plaintiff contends that because Defendant had, at the time of the filing of its response brief, yet to produce any documents at all, adding additional months of discovery to the relevant time period would render the case unmanageable. (Filing No. 94, at CM/ECF p. 6.). And "making the confusion of actual or hypothetical customers of Defendant in 1998-2006 an issue would likely require the retention of additional expert witnesses," thus increasing the cost and time needed to prepare for trial. (Filing No. 94, at CM/ECF p. 6.) Although Jacobs concedes "that a substantial

continuance would allow the parties to obtain expert testimony on which party established its mark first, and whether the marks conflict," Jacobs simultaneously argues that "Plaintiff would be prejudiced even if a continuance was granted because Defendant continues to infringe on Jacobs' Cheapo Mark in keyword advertising. ([Filing No. 94, at CM/ECF p. 6](#).)

Jacobs' arguments are unconvincing. Even assuming the amendment will necessitate increased pretrial time and cost obligations, Jacobs has not explained how these concerns will "render the case unmanageable." Moreover, both parties have already demanded the opposing party's documents dating back to the adoption of the respective trademarks. So the timeframe of requested discovery cannot, alone, be a source of substantial additional discovery arising solely from permitting the proposed additional counterclaims. And the discovery for Fareportal's proposed new counterclaims overlaps the discovery needed for Jacobs' claims, contradicting Fareportal's argument that permitting the amended counterclaims will impose significant additional discovery burdens.

The court is not convinced that the additional counterclaims will significantly delay the resolution of the parties' dispute. And to the extent delay is a factor, the need for a full decision on the merits, where both parties may fully explore their existing claims, outweighs the risk of any resulting prejudice Plaintiff has argued.

III. <u>Undue Delay</u>

Plaintiff further argues that Fareportal's proposed amendment is unduly delayed because Defendant is not asserting anything it could not have already alleged in its original counterclaims. ([Filing No. 94, at CM/ECF p. 1](#).)

Rule 15(a) does not require a party to amend its pleading at a particular stage in the action. See, <u>6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1488</u>

3

(2d ed.1990). And "[d]elay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown." Doe v. Cassel, 403 F.3d 986, 991 (8th Cir.2005.) "Mere delay is not a reason in and of itself to deny leave to amend. There must be found some prejudice which would result to others if leave were to be granted." Mercantile Trust Co. Nat'l Ass'n v. Inland Marine Products Corp., 542 F.2d 1010, 1012 (8th Cir. 1976) (citations omitted).

As discussed above, Jacobs will not be prejudiced by Defendant's filing of its proposed additional counterclaims. As such, its motion to amend will not be denied merely because it could have been filed earlier.

IV.     Futility

Finally, Jacobs argues Fareportal's motion should be denied because the additional claims are futile. (Filing No. 94, at CM/ECF p. 7.) Jacobs contends that Fareportal's proposed claims would be barred by laches and/or the applicable four-year statutes of limitation under Nebraska law because Defendant allegedly knew of the facts giving rise to its additional counterclaims as early as 2006. (Filing No. 94, at CM/ECF p. 8.)

Defendant disagrees, arguing the Plaintiff has cited no Eighth Circuit law supporting its argument, and this court should instead apply the doctrine of laches when determining if a claim must be denied as untimely pursued. (Filing No. 101, at CM/ECF p. 8.) Defendant argues that "such a question is inherently fact-intensive," (Filing No. 101, at CM/ECF p. 8); JDR Indus., Inc. v. McDowell, 121 F. Supp. 3d 872, 889 (D Neb. 2015)), and cannot be decided at this early litigation stage. In the alternative, Defendant argues that even applying a four-year statute of limitations, Fareportal's claims are not futile because it was "not aware of Jacobs' activities before 2014 sufficient to be on notice to assert any of the proposed new claims." (Filing No. 101, at CM/ECF p. 8.)

Jacob's futility argument requires a factual inquiry that cannot be resolved on the record before the court. Rather, following discovery, and if appropriate, the parties may pursue summary judgment practice to resolve the issue of whether the proposed counterclaims must be denied as untimely.

Accordingly, in the interest of justice, Fareportal will be given leave to plead its additional counterclaims under Federal Rule of Civil Procedure 15(a)(2), and

IT IS ORDERED:

1) Defendant's Motion for Leave to Amend, (Filing No. 80), is granted.
2) Defendant's amended answer and counterclaims shall be filed on or before November 28, 2018

November 21, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge