IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IAN V. JACOBS,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>FAREPORTAL, INC.,<br><br>　　　　　　Defendant. | 8:17CV362<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff's motion to compel and for recovery of attorneys' fees, and Defendant's response moving this court to stage liability and damages discovery under Federal Rule of Civil Procedure 26's proportionality requirement. For the reasons stated below, Plaintiff's motion at Filing No. 89 is denied and Defendant's request to stage discovery will be granted.

INTRODUCTION

This court is tasked with deciding whether Plaintiff's claim that discovery of 100% of Fareportal's revenue and profit data over the course of more than six years bears a reasonable relationship to Plaintiff's claimed violations, and the court must decide whether under the facts presented, staging the liability and damages phases of discovery will promote the goals enunciated in Rule 1 of the Federal Rules of Civil Procedure. Rule 1 sets the overarching standard applicable to all federal civil cases, stating the federal rules—including the discovery rules--"should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added).

ANALYSIS

Plaintiff's complaint is an action for trademark infringement under the Lanham Act (15 U.S.C. §§ 1051 *et seq*.), trademark infringement, unfair competition, and unjust enrichment under Nebraska common law, unfair competition under the Nebraska Consumer Protection Act (Neb. Rev. Stat. §§ 59-1601 to 59-1622), and deceptive trade practices under the Nebraska Uniform Deceptive Trade Practices Act (Neb. Rev. Stat. §§ 87-301 to 87-306). (Filing No. 1, at CM/ECF p. 1).

Jacobs alleges that Fareportal has infringed on Jacob's trademark by incorporating Plaintiff's trademark into Defendant's advertisements and redirecting customers to Defendant's competing business. (Filing No. 1, at CM/ECF p. 1). Specifically, Jacobs alleges that: (1) Fareportal has used advertising that incorporates the phrase "We Go Cheapo," to deflect customers to Defendant's website and away from Plaintiff's; (2) Fareportal has purchased sponsored links for Jacobs' trademark on popular internet search engines; and (3) Fareportal has "engineered its website to artificially increase the unpaid ranking of that website" in response to consumers' "CHEAPO" searches on those search engines. (Filing No. 1, at CM/ECF p. 1).

Defendant argues that Plaintiff is unlikely to prevail on liability, which would obviate the need for damages discovery down the road. Fareportal, therefore, argues that bifurcation of liability and damages will further the purposes of judicial economy, ensuring that party and judicial resources are expended only if necessary. Specifically, Fareportal contends that Plaintiff cannot show a likelihood of confusion between the trademarks, the Lanham Act Claims are barred by laches, Jacobs has not made consistent use of his claimed trademark, plaintiff has

abandoned his trademark by failing to enforce his rights, and that bidding on or purchasing a trademark as a keyword is not tantamount to trademark infringement where the purportedly infringed mark does not appear in the resulting advertisement. ([Filing No. 97](#)).

Defendant further contends that Plaintiff's discovery requests are disproportionate because they seek information outside the ambit of causation or relevance to the infringements alleged. Specifically, Defendant argues Plaintiff should not be entitled to the disputed information because it bears no reasonable relationship to the "We Go Cheapo" ad campaign or the keyword "Cheapo." ([Filing No. 97, at CM/ECF p. 16](#)). Therein, Fareportal argues that Plaintiff's requests lack proportionality; Jacobs has failed to justify "[t]he enormous discrepancy between the actual damages that plaintiff may be entitled to and the profit-related information that is the subject of Plaintiff's Motion." ([Filing No. 97, at CM/ECF p. 20](#)).

As a preliminary matter, Fareportal moves this Court to order phased discovery, focusing the first stage solely on liability. Fareportal alleges that Jacobs is unlikely to prevail on liability, which would render the issue of damages irrelevant, and therefore argues that judicial economy militates for the bifurcation of liability and damages.

Defendant points to significant shortcomings in Plaintiff's claims, each of which could forestall the need for damages discovery, including the current requests and expert discovery. First, Fareportal argues that Plaintiff cannot show a likelihood of confusion between the respective trademarks. ([Filing No. 97, at CM/ECF p. 9](#)). The ultimate issue in infringement claims is whether the contested mark resembles the registered mark such that its use is "likely to cause confusion, or to cause mistake, or to deceive." SquirtCo. v. [Seven-Up Co.](#), 628 F.2d 1086,

1090 (8th Cir. 1980) (citing 15 U.S.C. §§ 1114(1), 1127). The Eighth Circuit has recognized that "resolution of this issue does not hinge on a single factor but requires a consideration of numerous factors to determine whether under all the circumstances there is a likelihood of confusion." Id. at 1091 (internal citations omitted). These factors include: "(1) the strength of the owner's mark; (2) the similarity between the owner's mark and the alleged infringer's mark; (3) the degree to which the products compete with each other; (4) the alleged infringer's intent to 'pass off its goods as those of the trademark owner; (5) incidents of actual confusion; and (6) the type of product, its costs and conditions of purchase." Lovely Skin, Inc. v. Ishtar Skin Care Products, LLC, 745 F.3d 877 (8th Cir. 2018) (internal citations omitted).

Defendant contends that Plaintiff will be unable to show a likelihood of confusion under the Eighth Circuit framework. First, Fareportal argues that Jacob's trademark lacks conceptual and commercial strength, stating that Plaintiff "essentially abandoned the mark due to non-use, never invested in it, and never enforced it." (Filing No. 97, at CM/ECF p. 11). Therein, Defendant argues that Plaintiff will be unable to "demonstrate 'use' of the CHEAPO Mark during the relevant time period." (Filing No. 97, at CM/ECF p. 13). Furthermore, Defendant states that Plaintiff's "registration of the domain name www.cheapo.com is not, by itself, a 'commercial use' or 'trademark use.'" (Filing No. 97, at CM/ECF p. 14).

In addition, Fareportal claims the parties' marks are not confusingly similar and do not compete because Fareportal's trademark is stylistically distinguishable. Fareportal states it has invested extensive resources over the course of many years to build and safeguard its well-known brand name, whereas Plaintiff "offers no goods or services" but rather a "one-page . . . pass-through site that routes users to third-party travel services." (Filing No. 97, at CM/ECF p. 12). Defendant

4

thereby questions the merit of Plaintiff's liability claim and alleges that Plaintiff is merely "[p]osing as a legitimate competitor." (Filing No. 97, at CM/ECF p. 12).

As a further matter, Defendant argues that Plaintiff's Lanham Act Claims are barred by laches. (Filing No. 97, at CM/ECF p. 12–13). The equitable defense of laches "applies when a claimant inexcusably delays in asserting its claim and thereby unduly prejudices the party against whom the claim ultimately is asserted. A defendant must demonstrate the presence of three elements in order to successfully assert laches as a defense: (1) a delay in asserting a right or a claim; (2) that the delay was not excusable; and (3) that there was undue prejudice to the party against whom the claim is asserted." Roederer v. J. Garcia Carrion, S.A., 569 F.3d 855, 858-59 (8th Cir. 2009) (internal citations omitted).

Fareportal claims that Plaintiff has known about Fareportal's CHEAPOAIR Mark since July of 2008, or earlier, but failed to assert his alleged rights against Fareportal until 2017. Fareportal argues that "Plaintiff should not be allowed to pursue a claim after sitting on his rights for nearly a decade while Fareportal built a successful multinational brand." (Filing No. 97, at CM/ECF p. 13).

Finally, Defendant alleges that Plaintiff's argument related to keyword bidding and purchasing are without merit, as "no court has ever held that competitive keyword advertising is, by itself, infringing." (Filing No. 97, at CM/ECF p. 15). "The *sine qua non* of trademark infringement is consumer confusion caused by the infringing behavior, and behavior meant to harm a competitor does not necessarily entail infringement if a consumer is unlikely to be confused. For this reason, courts have repeatedly found that the purchase of a competitor's marks as keywords alone, without additional behavior that confuses consumers, is not actionable." Alzheimer's Disease & Related Disorders Ass'n, Inc. v. Alzheimer's

5

Found. of Am., Inc., 307 F. Supp. 3d 260, 287 (S.D.N.Y. 2018). Defendant thus argues that "because Plaintiff cannot show a likelihood of confusion" Plaintiff's claim will fail, and now moves this court to stage discovery proceedings. (Filing No. 97, at CM/ECF p. 15–16).

Judges are afforded "considerable latitude in deciding the most efficient and effective method of disposing of the issues in a case, so long as a party is not prejudiced." Rolscreen Co. v. Pella Products of St. Louis, Inc. 64 F.3d 1202, 1209 (8th Cir. 1995). To further the goals of Rule 1, courts are permitted to stay discovery on damages until the issue of liability is decided.

> The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes. (Advisory committee's notes to 2015 amendment). Just as prior to the 2015 amendment to Rule 26, a court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit—and the court must do so even in the absence of a motion."

Vallejo v. Amgen, Inc., 903 F.3d 733, 742–43 (8th Cir. 2018) (internal citations omitted) (applying the proportionality standard and affirming discovery bifurcation for an initial determination of medical causation).

Plaintiff moves to compel a response to Request 74, which demands production of all "Documents or information sufficient to show Defendant's gross profits during the period from its first use to its most recent use of the word 'Cheapo,' including but not limited to the phrase 'We go Cheapo,' in any publicly-available marketing, advertising, or promotional message," and to Request 75,

6

which demands production of all "Documents or information sufficient to show Defendant's profits for the five-year period preceding its first use of the word 'Cheapo,' including but not limited to the phrase 'We go Cheapo,' in any publicly-available marketing, advertising, or promotional message." ([Filing No. 89](#)). Fareportal has used a CheapOair business name since July 1, 2005. ([Filing No. 97, at CM/ECF p. 4](#)). As such, Plaintiff's Request 74 demands a competitor's financial information dating back 13 years, while Request 75 demands all profit information from that competitor dating back 18 years. And if the court orders this production, after Plaintiff receives this voluminous financial data, Plaintiff will need to hire an expert to review it and render opinions—at significant cost.

Under the circumstances presented, and given the many liability challenges facing the parties, the court finds staged discovery is the most suitable means to achieve proportionality and to efficiently and effectively dispose of the issues of the case. The requirement that the parties make a showing of liability before damages are considered will not unduly prejudice either party. Rather, staging liability and damages discovery will preserve both the parties' and the court's time and expenses. As such, discovery will be staged as to both parties' claims, with liability discovery performed as the first phase and damages discovery permitted only after the court is convinced that liability may be imposed against either party.

Accordingly,

IT IS ORDERED:

1) Plaintiff's Motion to Compel production of documents to requests 74–75 in Plaintiff's third set of requests for production is denied.

2) Plaintiff's Motion for Recovery of attorneys' fees incurred in bringing this motion is denied.

3) As to both parties, discovery is staged, with the first stage focused on liability, and damages discovery permitted only after the court is convinced that liability may be imposed against either party and enters an order permitting discovery on the issue of damages.

4) As to the issue of liability,

   a. A status conference to discuss further case progression and the parties' interest in settlement will be held with the undersigned magistrate judge on **April 16, 2019 at 11:00 a.m.** Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

   b. Mandatory disclosures shall be served by December 21, 2018.

   c. The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is February 22, 2019. Motions to compel responses to written discovery must be filed by March 8, 2019.
   **Note:** Motions to compel shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

   d. Fact witness depositions shall be completed on or before April 12, 2019.

November 21, 2018.          BY THE COURT:

                            *s/ Cheryl R. Zwart*
                            United States Magistrate Judge