IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IAN V. JACOBS, | |
| Plaintiff, | **8:17CV362** |
| vs. | |
| FAREPORTAL, INC., | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the court on Plaintiff/Counter-Defendant Ian V. Jacobs' Motion for Reconsideration of the Order Denying Plaintiff's Motion to Compel and Granting Staged Discovery. (Filing No. 119). For the reasons explained below, Defendant's motion is denied.


BACKGROUND

Plaintiff's complaint alleges an action for trademark infringement under the Lanham Act (15 U.S.C. §§ 1051 *et seq.*), trademark infringement, unfair competition, and unjust enrichment under Nebraska common law, unfair competition under the Nebraska Consumer Protection Act (Neb. Rev. Stat. §§ 59-1601 to 59-1622), and deceptive trade practices under the Nebraska Uniform Deceptive Trade Practices Act (Neb. Rev. Stat. §§ 87-301 to 87-306). (Filing No. 1, at CM/ECF p. 1).

On September 28, 2018, Plaintiff filed a motion to compel and for recovery of attorneys' fees. (Filing No. 89). On October 5, 2018, Defendant filed a response, therein asking this court to stage liability and damages discovery under Federal Rule of Civil Procedure 26's proportionality requirement. (Filing No. 97). On

November 21, 2018, the undersigned denied Plaintiff's motion to compel and granted Defendant's request to stage discovery. ([Filing No. 116](#)).

The court found staged discovery as the most suitable means to achieve proportionality and to efficiently and effectively dispose of the issues of the case. The court further found requiring the parties make a showing to support a finding of liability before damages are considered will not unduly prejudice either party. Rather, staging liability and damages discovery will preserve both the parties' time and expenses and the court's resources. The court, therefore, ordered that discovery be staged as to both parties' claims, with liability discovery performed as the first phase and damages discovery permitted only after the court is convinced that liability may be imposed against either party. The court now affirms its prior decision.

## ANALYSIS

While there is no Local Rule or Federal Rule of Civil Procedure described as a "motion to reconsider," the Eighth Circuit typically construes such motions as arising either under [Federal Rule of Civil Procedure 59(e)](#) or [60(b)](#). [White v. Smith, 808 F.Supp. 2d 1174, 1236 (D. Neb. 2011)](#) (citing [Ackerland v. United States, 633 F.3d 698, 701 (8th Cir. 2011)](#). Rule 59(e) provides that a party may request alteration or amendment to final judgments, ([Fed. R. Civ. P. 59](#)), while Rule 60 allows relief from both orders and judgments. [Fed. R. Civ. P. 60](#). Therefore, the court will consider Plaintiff's motion to reconsider according to Rule 60(b) of the Federal Rules of Civil Procedure.

Under Rule 60(b), when properly supported, the court may relieve a party from an order under this rule for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60. "'Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" Arnold v. ADT Sec. Servs., Inc., 627 F.3d 716, 721 (8th Cir. 2010) (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988)).

Plaintiff asserts that the undersigned made "manifest errors of fact, including its misunderstanding of the nature of Plaintiff's claims and its misapprehension of the documents sought in Plaintiff's Motion to Compel" which gravely affect the court's analysis and ultimate holding on the motion to compel. (See, Filing No. 121, at CM/ECF p. 10).

a. Law-of-the-case doctrine.

The law-of-the case doctrine prevents parties from relitigating a settled issue in a case. Gander Mountain Co. v. Cabela's, Inc, 540 F.3d 827, 830 (8th Cir. 2008) (internal citations omitted). Under the doctrine, courts are required to "adhere to decisions made in earlier proceedings in order to ensure uniformity of decisions,

protect the expectations of the parties, and promote judicial economy. Id. A previously decided issue should be reconsidered "only if substantially different evidence is subsequently introduced or the decision is clearly erroneous and works manifest injustice. Little Earth of the United Tribes, Inc. v. U.S. Dep't of House. & Urban Dev., 807 F.2d 1433, 1441 (8th Cir. 1986). However, the doctrine applies only to final decisions made by district courts that have not been appealed. Id. "The doctrine does not apply to interlocutory orders." Id. "Interlocutory orders . . . can always be reconsidered and modified by a district court prior to entry of a final judgment." First Union Nat'l Bank v. Pictet Overseas Trust Corp., Ltd., 477 F.3d 616, 620 (8th Cir. 2017).

Jacobs argues that under the law-of-the-case doctrine, the undersigned overstepped her authority by "failing to recognize Judge Bataillon's prior order as the law of the case regarding possibility of success on Plaintiff's infringement claims." (Filing No. 121, at CM/ECF p. 10). Plaintiff argues that "Judge Batallion's findings demonstrate that Plaintiff has already met his burden to show a prima facie case of infringement" and "[u]nder the law-of-the-case doctrine, these factual findings, based on the evidence presented to the court 'control the outcome' and are binding as to future proceedings in this case." (Filing No. 121, at CM/ECF p. 11).

> . . . [N]ot only does the Order fail to show that Judge Bataillon's factual findings are clearly erroneous, the Order entirely disregards the factual findings of the Bataillon Order and does not address them at all.
>
> . . .
>
> Judge Bataillon's factual findings in his Memorandum and Order are the law of this case and cannot simply be disregarded, especially in the absence of fulsome briefing and argument on the issue. Plaintiff has already made an evidentiary showing of knowing infringement

that is more than sufficient to entitle him, at a bare minimum, to take discovery on all of the issues in the case, including damages.

([Filing No. 121, at CM/ECF p. 11](#)). Plaintiff's argument misapplies a fundamental tenet of the doctrine. As discussed below, the law-of-the-case doctrine solely applies to final decisions—not interlocutory orders.

Plaintiff does not contest this point. ([Filing No. 121, at CM/ECF p. 362](#)) (citations omitted). Nevertheless, Plaintiff submits that because "the rationale behind the doctrine was applied in a recent trademark case in the District of Nebraska," it should also apply to the instant matter. See, [JS IP, LLC v. LIV Ventures Inc.,](#) No. 8:11-CV-37, 2011 WL 13195982, at *2 (D. Neb. Oct. 13, 2011) (Smith Camp, J.).

The court disagrees. In <u>JS IP, LLC</u> the Nebraska district court held that the law-of-the-case doctrine governed subsequent case proceedings where the court granted Defendant's motion to dismiss and ordered claims II through VII of Plaintiff's amended complaint dismissed with prejudice. [JS IP, LLC v. LIV Ventures, Inc.,](#) No. 8:11-CV-37, 2011 WL 13195981, at * 8 (D. Neb. Aug. 12, 2011) (Smith Camp, J.). In other words, the court found the law-of-the-case doctrine applicable to subsequent case proceedings in <u>JS IP, LLC</u> because the district court's dismissal with prejudice constituted a final decision; not, as an ancillary matter because the case implicated a trademark dispute.

The instant case is inapposite; Judge Bataillon's interlocutory findings were made under the highly deferential [Federal Rule of Civil Procedure 12(b)(2)](#) and [28 U.S.C. § 1404(a)](#) standards. On April 20, 2018, Judge Bataillon entered a memorandum and order denying Fareportal's motion to dismiss ([Filing No. 26](#)) for lack of personal jurisdiction ([Fed. R. Civ. P. 12(b)(2)](#)) and/or improper venue (Fed.

R. Civ. P. 12(b)(3)) or alternatively, to transfer venue. (Filing No. 52). In analyzing a motion to dismiss for lack of personal jurisdiction a court must "view evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor . . . . " (the Bataillon Order) (citing Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., 646 F.3d 589, 592 (8th Cir. 2011). "The pleadings, affidavits, and declarations submitted must be viewed in the light most favorable to the non-moving party, and any conflicts in the evidence must be resolved in that party's favor." (Id.) (citing Dakota Indus. Inc., v. Dakota Sportswear, Inc. 946 F.2d 1384, 1387 (8th Cir. 1991). In analyzing venue under 28 U.S.C. § 1404(a), "[t]he Eighth Circuit has explained that, in general, federal courts give considerable deference to a plaintiff's choice of forum." (the Bataillon Order) (citing In re Apple, Inc., 602 F.3d 909 (8th Cir. 2010).

Clearly, Judge Bataillon's initial (and deferential) findings on jurisdiction and venue were not intended, and cannot reasonably be held, to be "binding as to future proceedings in this case." (See, Filing No. 121, at CM/ECF p. 11). But the court needn't go that far; at its most basic level: the law-of-the-case doctrine explicitly "does not apply to interlocutory orders," and therefore the findings contained within Judge Bataillon's April 20, 2018 order cannot summarily be held to control the outcome of the instant claim. See, Gander Mountain Co., 540 F.3d at 830. Judge Bataillon's order was interlocutory, implicating no final decision regarding the merits of this case.

b. Proportionality

As articulated in the court's prior Order, "[j]udges are afforded 'considerable latitude in deciding the most efficient and effective method of disposing of the issues in a case, so long as a party is not prejudiced." (Filing No. 116, at CM/ECF

p. 362.) To further the goals of Rule 1, courts are allowed to stage the discovery in a case.

Plaintiff argues that "the Order overlooks the most relevant authority explaining Plaintiff's damages model and need for damages discovery." (Filing No. 121, at CM/ECF p. 14). Namely, under Seventh Circuit case law, even if Defendant correctly identified that Plaintiff abandoned its "CHEAPO" mark during the relevant period, a finding of infringement would not be foreclosed. (Filing No. 121, at CM/ECF p. 14) (citing Sands, Taylor, and Wood Co. v. Quaker Oats Co., 978 F2d 947, 950 (7th Cir. 1992). Plaintiff argues that "as in Sands, the appropriate damage process is to review the overall revenues and profits of Defendant (as requested in Requests 74 and 75) and then look to industry experts for assistance in building a reasonable damages model estimating the percentage of the overall numbers attributable to the infringing use." (Filing No. 121, at CM/ECF p. 15–16).

A district court is not bound by another circuit's decision. However, the Eighth Circuit adheres the policy "that a sister circuit's reasoned decision deserves great weight and precedential value." Aldens, Inc. v. Miller, 610 F.2d 538, 541 (8th Cir.1979). Regardless, the Order's failure to address Plaintiff's preferred authority on the proper "damages model" is irrelevant to the instant matter. Jacobs fails to demonstrate how he will be prejudiced by the court's preconditioning "damages discovery" on a threshold showing of potential liability and the scope or timeframe of that potential liability. The proper damages framework need not be addressed until these threshold issues are addressed.

c. Misunderstanding of the nature of Plaintiff's claims.

Plaintiff asserts that "the Order fundamentally misunderstands a key fact by wrongly assuming Plaintiff's complaint is based on Defendant's "CHEAPOAIR" Mark infringing on Plaintiff's "CHEAPO" Mark. (Filing No. 121, at CM/ECF p. 8.) Instead, Plaintiff iterates that its "complaint is and always has been that Defendant's use of the specific word "Cheapo" . . . in its search engine optimization strategies, its keyword purchasing, and its recent advertising campaigns infringes on Plaintiff's "CHEAPO" Mark. Id. Plaintiff therein clarifies that "Request 74 seeks responsive documents from 2009 . . . to the most recent use of "cheapo" and "[r]equest 75 seeks documents from 2011 . . . to the same endpoint." Id.

These distinctions do not change the court's original analysis. The court recognizes that Jacobs claims it was damaged because Fareportal infringed on Jacobs' registered "CHEAPO" mark by using that mark in keyword purchasing, recent advertising campaigns, search engine optimization strategies, and other marketing materials without Jacob's consent and in a manner likely to cause confusion, mistake, or deception. Furthermore, Jacobs asserts that Fareportal unfairly competed with Jacobs by making false and misleading statements to pass off Fareportal's brand as if it were Jacobs', and such conduct actually confused Jacobs' customers.

"'Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" Arnold v. ADT Sec. Servs., Inc., 627 F.3d 716, 721 (8th Cir. 2010) (quoting Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988)). Having considered the arguments contained within Plaintiff's brief in support of his motion to reconsider, and upon reexamining the evidence before the court, the undersigned finds she was not misinformed as to claims at issue, and no newly discovered evidence has been presented sufficient to grant Plaintiff's motion.

d. Prejudice to Plaintiff

The court is unconvinced by Plaintiff's claim that it will be significantly prejudiced by staging discovery and that additional costs and uncertainty mandate against bifurcation. (Filing No. 121, at CM/ECF p. 19). Jacobs further argues it was prejudiced by the court's order prohibiting Jacobs from filing a reply brief in response to Defendant's request for staged discovery. Plaintiff argues "the Court erred in adopting Defendant's positions on newly-raised arguments after dissuading Plaintiff from filing a reply brief in support of Plaintiff's Motion to Compel." (Filing No. 121, at CM/ECF p. 19). Plaintiff asserts that the court entered its Order "without appropriate due process for Plaintiff." (Filing No. 121, at CM/ECF p. 2).

On September 25, 2018, the undersigned issued an Order instructing that "[n]o reply shall be filed absent leave of the court for good cause shown." (See, Filing No. 88). This statement means the opportunity to file a Reply will be granted if leave to do so is requested and there is a good cause reason to file a Reply. Here, Defendant raised the issue of staging in its response to the motion to compel. The court's order on the motion to compel was filed six weeks later. During that six weeks, Plaintiff never requested leave to respond to Defendant's new argument. Having made that choice, it cannot now argue its due process rights were violated.

e. Uncertainty causing new disputes

Plaintiff argues the court's order will prompt uncertainty. The court is not convinced. If staging introduces discrepancies with the parties' current progression order, the parties should file a motion to amend. Discovery as

to liability is permitted, including liability discovery that may also be relevant to the issue of damages. And the court has not ordered a bifurcated trial. It has ordered the parties, who are ostensibly competitors, to develop their respective cases on liability and present that evidence to the court before the court decides whether a wholesale disclosure of all "Documents or information sufficient to show Defendant's gross profits [since 2009]" and "Documents or information sufficient to show Defendant's profits [since 2011]" is proportionate to the needs of this case.

IT IS ORDERED that Plaintiff's Motion for Reconsideration, (Filing No.119), is denied.

Dated this 14th day of December, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge