IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IAN V. JACOBS,<br><br>    Plaintiff,<br><br>vs.<br><br>FAREPORTAL, INC.,<br><br>    Defendant. | 8:17CV362<br><br>**ORDER** |

  The court has reviewed the emailed letters submitted by the parties. (Attached). Due to the press of other matters related to the COVID-19 Pandemic, the court will not take up Defendant's requests absent a formal motion.

  Dated this 1st day of April, 2020.

                  BY THE COURT:

                  <u>*s/ Cheryl R. Zwart*</u>
                  United States Magistrate Judge

| From: | Lackman, Eleanor |
|---|---|
| To: | "zwart@ned.uscourts.gov" |
| Cc: | Svolos, Carol A.; "john.passarelli@kutakrock.com"; Jacob Kring; "Joel Bailey"; "Michael Hilgers"; Lewis, Marissa |
| Subject: | Jacobs v. Fareportal Inc., 8:17-cv-00362 (CRZ) - Letter requesting clarification |
| Date: | Tuesday, March 31, 2020 7:00:28 AM |
| Attachments: | Letter to Judge Zwart re Clarification - 2020-03-31.pdf |

Dear Judge Zwart:

On behalf of defendant Fareportal Inc., we respectfully submit the attached letter requesting clarification of certain points in the Court's summary judgment order. We have informed counsel for plaintiff Jacobs regarding our intention to submit this letter, along with the general substance, and we have learned that Jacobs intends to oppose. Accordingly, unless the Court prefers to dispense with one, we request a conference when convenient for all parties.

Respectfully submitted,
Eleanor M. Lackman



**Eleanor M. Lackman** | **Partner**
T: 212.878.4890 | eml@msk.com
**Mitchell Silberberg & Knupp LLP** | **www.msk.com**
437 Madison Ave., 25th Floor, New York, NY 10022
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.



MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Eleanor M. Lackman
Partner
(212) 878-4890 Phone
(917) 546-7675 Fax
eml@msk.com

March 31, 2020

**VIA E-MAIL ONLY (ZWART@NED.USCOURTS.GOV)**

Hon. Cheryl R. Zwart, U.S.M.J.
566 Federal Building
100 Centennial Mall North
Lincoln, Nebraska 68508

Re: <u>Jacobs v. Fareportal Inc.</u>, No. 8:17 Civ. 00362 (CRZ) (D. Neb.)

Dear Judge Zwart:

We represent defendant Fareportal Inc. ("Fareportal") in the above-referenced action. As the Court is aware, the parties have been diligently exploring settlement negotiations by various means over the course of the past few months. However, as the Court is also aware, the parties have not reached a resolution and have elected to move ahead with the proceedings while continuing to work on their efforts to resolve the case.

It is in this context that Fareportal has also turned back to preparing for a possible trial, and it wishes to do so in as streamlined of a fashion as possible. With this in mind, Fareportal respectfully asks the Court to clarify particular points in its September 19, 2019 Memorandum and Order (Doc. #232) (the "Order") that leave certain claims or points either unaddressed or otherwise ambiguous – an understandable outcome in light of the volume of claims and submissions from the parties, but one that has an impact on the nature and scope of any trial that may happen if the case does not settle. Fareportal does not seek reconsideration on any point briefed and decided, even if it disagrees with the interpretation of the facts or the law; rather, it raises only specific issues that remain unclear or which were newly raised by the Court in its Order. This submission reflects Fareportal's hope, with a goal that is in the interest of both parties, to ensure that if a particular claim or issue is no longer before the Court, the resources of the Court and the parties are not expended on those points. Fareportal respectfully requests a telephone conference, if the Court prefers to hold one.

***False Advertising and Designation of Origin.*** As the Court recognized, Plaintiff Ian Jacobs ("Jacobs") asserted a cause of action for "false advertising and designation of origin," (*see* Order at 13), which Fareportal had observed appeared to be a mash-up of two separate causes of action under the Lanham Act: (1) false designation of origin (15 U.S.C. § 1125(a)(1)(A)), and (2) false advertising (15 U.S.C. § 1125(a)(1)(B)). *See* Doc. # 183 at 33 & n.15. Fareportal identified the very different standards that apply to the former claim (essentially, a variation of a trademark infringement claim) and the latter claim (which, generally stated, targets express or implied statements about the nature or quality of a good or service). Fareportal noted that Jacobs never identified any false statement as the law requires, *id.* at n.15, and Jacobs did not dispute the point.

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: WWW.MSK.COM



Accordingly, there should be no false advertising claim remaining in the case, but the Court's overview at the start of its analysis (Order at 17) does not mention the claim, and therefore by default, the claim remains in the case. However, if Jacobs has not sought to support his claim, it should not be an issue for trial on which the parties would need to prepare jury instructions or engage in other preparation. Fareportal therefore respectfully requests that the Court clarify its Order to confirm that no false advertising claim remains in the action for trial.

***The Parties' Respective Unjust Enrichment Claims.*** In their motions, Fareportal asked for judgment dismissing Jacobs' claims against it and affirmatively asking for judgment on its claims against Jacobs. In contrast, Jacobs asked for dismissal only of Fareportal's claims against it – not for judgment affirmatively on his claims. However, the Order (at 39) denies Jacobs' request for judgment on his unjust enrichment claim, which for the reason just stated is not a request Jacobs made. It was Fareportal that asked for Jacobs' unjust enrichment claim to be dismissed – in particular, on the ground that unjust enrichment claims that are duplicative of Lanham Act claims cannot survive with a separate act that would open the door to such an additional claim, and that an equitable remedy is not available where one at law exists. *See* Doc. # 183 at 53-54; *see also Select Comfort Corp. v. Baxter*, 156 F. Supp. 3d 971, 994 (D. Minn. 2016). Fareportal therefore respectfully requests that the Court clarify its views on whether Jacobs' unjust enrichment counterclaim raises an issue of fact for trial.[1]

***The Viability of Jacobs' Keyword Bidding Claim.*** Jacobs' claims arise from two acts: (1) the radio/television ads, which contained the "We Go CheapO" slogan and which ran for 16 months in 2016-17, and (2) the bidding on the term "cheapo" (among other misspells of its "CheapOair" name), which Fareportal had been doing consistently for over a decade as part of its keyword advertising search-engine marketing strategy. At page 27 of the Order, the Court notes that bidding on keywords is not actionable as unfair competition without some other use (such as displaying the trademark in the resulting advertisement in a confusing manner, which Fareportal is not alleged to have done). *See* cases cited *id.*; *see also Stephen T. Greenberg, M.D., P.C. v. Perfect Body Image, LLC*, 2019 WL 3485700, at *9 (E.D.N.Y. July 2, 2019), *report and recommendation adopted*, 2019 WL 3927367 (E.D.N.Y. Aug. 20, 2019); *Multi Time Machine, Inc. v. Amazon.com, Inc.*, 804 F.3d 930, 935-36 (9th Cir. 2015); Doc. # 183 at 47-49. However,

---

[1] Similar confusion seems to have arisen regarding Fareportal's various affirmative defenses, which Fareportal briefly referenced collectively to underscore the overall theme that Jacobs has spent more efforts to offer a website that looks like Fareportal's CheapOair brand than he has in trying to develop his later-created travel referral site under his claimed "Cheapo" brand independently. *See* Doc. 183 at 55. Jacobs did not move to strike Fareportal's affirmative defenses, but the Court appears to have done so as to the mitigation defense, adopting Jacobs' misconstruction of the defense. Order at 36; Doc. No. 197 (Jacobs Opp.) at 127; *compare* Doc. No. 54 (Answer) at 14 ("Plaintiff has suffered no damages, and even if he did, he failed to mitigate them."). However, as the pleading makes clear, the defense is directed at damages. *See id.*; *see also Bauer Bros., LLC v. Nike, Inc.*, 159 F. Supp. 3d 1202, 1215 (S.D. Cal. 2016); *accord Hokto Kinoko Co. v. Concord Farms, Inc.*, 810 F. Supp. 2d 1013, 1039 (C.D. Cal. 2011) (declining to address the defendant's failure to mitigate defense on summary judgment because it is "pertinent only to the issue of damages and [is] not [a] defense[] to Plaintiff's claims for trademark infringement and unfair competition"). The Court's Order remains unclear about whether its dismissal of the defense is as to liability only (as to which the defense was not asserted), or for all purposes (*i.e.*, including with respect to damages). Particularly as the parties are in the damages phase of the case, Fareportal submits that clarification on this ground may prevent confusion and objections among the parties regarding the taking of discovery on this point.



while the implication is that Jacobs' claim against Fareportal relating to its longstanding keyword advertising fails as a matter of law, the Order does not appear to expressly reach that conclusion, referring instead to the television/radio ad that was never alleged (much less shown with any evidence, admissible or not) to be tied to Fareportal's decade-long bidding on misspells of its name. Understanding which activities remain in the case is a significant matter, as Fareportal's "offline" and "online" advertising involves very different documents and witnesses and will have a material impact on the length of the trial. Therefore, Fareportal respectfully requests that the Court clarify whether Jacobs may maintain his claims pertaining to keyword advertising as a matter of law.[2]

***Validity of CHEAPOAIR as a Trademark.*** The Order opines that CHEAPOAIR is a descriptive term and that the trier of fact could find that Fareportal's mark is merely descriptive and has not acquired a secondary meaning. *See* Order at 23, 29. However, Jacobs has not raised the argument that CHEAPOAIR is invalid; it is Fareportal who has argued that it can use the term "cheapo" as a play on its own brand name, not that the term is descriptive. Moreover, Fareportal's challenge to Jacobs' mark is not on descriptiveness grounds, but on the grounds that the registration is not supported by continued use, and that Jacobs' use in the travel space infringes on Fareportal's prior rights in its CHEAPO- family of marks. Accordingly, the commentary in the Order raises a new issue that neither parties have asserted and therefore potentially expands the scope of trial. Moreover, had it been raised, Fareportal would have argued that a trier of fact cannot make such a finding because, among other reasons, the law prohibits a finding of descriptiveness as to trademarks that, as here, have achieved incontestable status. *See* 15 U.S.C. §§ 1065; 1115(b); *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189 (1985) (incontestable trademarks cannot be attacked on descriptiveness grounds).[3] Therefore, to avoid future confusion about whether the trier of fact can hear evidence pertaining to a legal impossibility, Fareportal respectfully requests that the Court strike the portions of the Order pertaining to the validity of Fareportal's trademark registrations.

We thank the Court for its attention to this matter, and we and our client wish good health and safety to Your Honor, the clerks and staff, and all other colleagues at the courthouse and their families.

---

[2] The Federal Trade Commission has recently weighed in on keyword bidding, taking the issue that even bidding on a competitor's name (to say nothing of a variation of one's own name) is necessary for consumer choice, and thus restrictions on keyword bidding violate antitrust law. *See 1-800 Contacts Inc. v. Federal Trade Commission*, No. 18-3848 (2d Cir.). Therefore, the keyword bidding question has implications well beyond the scope of this proceeding, which may also affect the parties' trial preparation. To the extent this issue is no longer in the case, efficiency would be greatly increased for this reason as well.

[3] Under the cited provision, a mark may become generic (as have once-registered brand names like "aspirin," "trampoline," "cellophane," "zipper," and "escalator"), but it can never be challenged as descriptive of the goods or services associated therewith. *See id.*



Respectfully,

Eleanor M. Lackman

EML

cc:     All counsel of record

| From: | Joel Bailey |
| --- | --- |
| To: | Lackman, Eleanor; "zwart@ned.uscourts.gov" |
| Cc: | Svolos, Carol A.; "john.passarelli@kutakrock.com"; Jacob Kring; "Michael Hilgers"; Lewis, Marissa |
| Subject: | Re: Jacobs v. Fareportal Inc., 8:17-cv-00362 (CRZ) - Letter requesting clarification |
| Date: | Tuesday, March 31, 2020 9:06:40 AM |

Dear Judge Zwart,

The letter from Ms. Lackman constitutes a Motion for Reconsideration ("Motion") of the Court's Memorandum Opinion and Order (the "Opinion") that was entered over six months ago. Fareportal claims that the Opinion was "ambiguous." (Motion at 1). Yet, Fareportal's Motion does not consider the conclusion of the Opinion where the Court clearly stated:

> "1)  Fareportal's motion for summary judgment, (Filing No. 182), is granted as to Jacobs' counterfeiting, tortious interference, and Nebraska Consumer Protection Act claims, but ***in all other respects, it is denied***.
>
> 2)  Jacobs' motion for partial summary judgment, (Filing No. 178), is denied."

[Dkt. No. 232, at 42] (emphasis added). Six months after this Opinion (and after two hearings with the Court discussing case status where Fareportal never raised these issues), Fareportal now raises disagreements concerning parts of this Opinion for the very first time. After working together with Fareportal to arrive at new discovery and case deadline in light of COVID-19, it was disappointing to receive this Motion that seeks to re-open a closed chapter of this case.

Although Fareportal argues this will streamline the case or make the case more efficient, this statement is incorrect. Specifically, Fareportal's Motion seeks to re-open the thousands of pages of summary judgment briefing submitted by the parties and thoroughly considered by the Court. The Motion raises substantive arguments that will require substantive briefing in response. The length of each party's summary judgment briefing was nowhere near the model of efficiency, so there is nothing about re-opening that summary judgment briefing that will lead to increased efficiency here. After the Court's Opinion, Plaintiff believed this matter had proceeded past the liability phase; unfortunately, Fareportal wants to re-litigate the past.

Therefore, Plaintiff respectfully requests that the Court deny this request outright without any telephonic hearing or further briefing. This saves all parties and the Court the time, expense, and fees associated with re-litigating prior issues. If the Court intends to consider the substantive arguments asserted in the letter, Jacobs respectfully requests that he be given the full 14-days to respond as provided by Local Rule 7.1(b).


Joel B. Bailey
Hedrick Kring, PLLC
Office: 214-880-9664
Cell: 817-648-4350

**From:** Lackman, Eleanor <eml@msk.com>
**Sent:** Tuesday, March 31, 2020 6:58 AM
**To:** 'zwart@ned.uscourts.gov' <zwart@ned.uscourts.gov>
**Cc:** Svolos, Carol A. <Carol.Svolos@kutakrock.com>; 'john.passarelli@kutakrock.com' <john.passarelli@kutakrock.com>; Jacob Kring <Jacob@hedrickkring.com>; 'Joel Bailey'

<joel@hedrickkring.com>; 'Michael Hilgers' <mhilgers@hilgersgraben.com>; Lewis, Marissa <mbl@msk.com>
**Subject:** Jacobs v. Fareportal Inc., 8:17-cv-00362 (CRZ) - Letter requesting clarification

Dear Judge Zwart:

On behalf of defendant Fareportal Inc., we respectfully submit the attached letter requesting clarification of certain points in the Court's summary judgment order. We have informed counsel for plaintiff Jacobs regarding our intention to submit this letter, along with the general substance, and we have learned that Jacobs intends to oppose. Accordingly, unless the Court prefers to dispense with one, we request a conference when convenient for all parties.

Respectfully submitted,
Eleanor M. Lackman



**Eleanor M. Lackman | Partner**
T: 212.878.4890 | eml@msk.com
**Mitchell Silberberg & Knupp LLP | www.msk.com**
437 Madison Ave., 25th Floor, New York, NY 10022
2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.