IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IAN V. JACOBS,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>v.<br><br>FAREPORTAL INC.,<br><br>    Defendant/Counterclaim-Plaintiff. | Civil Action No. 8:17 Civ. 00362<br><br>**FAREPORTAL INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY** |

Defendant/counterclaim-plaintiff Fareportal Inc. ("Fareportal"), by and through its undersigned counsel, respectfully submits this opposition to plaintiff Ian V. Jacobs' ("Jacobs") motion for leave to file a sur-reply (the "Motion") in response to Fareportal's reply brief in conjunction with the Motion for Clarification.

## ARGUMENT

Jacobs' Motion should be denied outright. Sur-reply briefs are generally disfavored, and the Motion (which includes the proposed brief) is no exception to the general rule. *See Custom Hair Designs by Sandy, LLC v. Cent. Payment Co., LLC*, 2020 WL 639613, at *8 (D. Neb. Feb. 11, 2020) (denying movant's motion to file a sur-reply brief or strike evidence where arguments in non-movant's reply brief were "not new responses and striking the evidence [would] not change the outcome in any event" (citing *Liberty Legal Found. v. Nat'l Democratic Party of the USA, Inc.*, 875 F. Supp. 2d 791, 797 (W.D. Tenn. 2012) (sur-replies are "highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter")); *see also*

*Chapman v. Jarzynka*, 2015 WL 4066692, at *3 (D. Neb. July 2, 2015) (Zwart, M.J.) (denying motion); *Newkirk v. ConAgra Foods, Inc.*, 2010 WL 2135263, at *2 & n.2 (D. Neb. May 27, 2010) (denying plaintiffs' motions for leave to file a sur-reply brief where the movants filed a reply brief and evidence index "appropriately addressing the expansive factual allegations and legal issues raised in the plaintiffs' opposing brief").

The Motion is nothing more than evidence of a desire for the "last word." It addresses no new issues raised on reply that should have been raised in Fareportal's moving brief, or that otherwise did not respond to Jacobs' opposition arguments. Rather, the fact of Jacobs' request, not to mention his characterization of the issues as "numerous misstatements, inaccuracies, and personal attacks against Jacobs and his counsel," only echoes the theme that Fareportal asserted in reply to Jacobs' rhetoric-filled opposition: that Jacobs' approach has sought to multiply the proceedings and distract from the reasonable adjudication of the merits. Jacobs' opposition to Fareportal's Motion for Clarification is no exception, nor is this Motion.

Nowhere is any new material fact or legal theory identified in Jacobs' list, which he includes as his unapproved sur-reply. Incidentally, moreover, nothing in the list supports the blistering characterization of the issues. It opens with a misreading of a sentence in Fareportal's brief.[1] The list then ineffectively contorts statements from Fareportal's reply and calls a statement, which cited a declaration, "unsupported." Somewhat paradoxically, Jacobs' list seeks to soften some of the overstatements made in Jacobs' opposition, yet the request hinges on even more empty hyperbole and overstatement. And nowhere does Jacobs identify any – much less "numerous" – misstatement, inaccuracy, or personal attack on anyone.

---

[1] The language "lead party and local attorneys" clearly referred to Messrs. Kring and Passarelli, the lead partners for party and local counsel, respectively, on the case. Not only is this the only reading of the sentence, but on a case involving a single individual, there is no "lead party," which makes Jacobs' interpretation nonsensical.

**FAREPORTAL'S OPPOSITION TO JACOBS' MOTION FOR LEAVE TO FILE SUR-REPLY**     **PAGE 2**

The Motion should be denied, and Fareportal's Motion for Clarification should be granted, without further distraction from Jacobs, on a schedule suitable to the Court.

Respectfully submitted,

Dated: Brooklyn, New York
May 12, 2020

/s/ Eleanor M. Lackman
Eleanor M. Lackman, *pro hac vice*
Marissa B. Lewis, *pro hac vice*
MITCHELL SILBERBERG & KNUPP LLP
437 Madison Avenue, 25th Floor
New York, New York 10022
Tel.: (212) 509-3900
Fax: (212) 546-7675
eml@msk.com
mbl@msk.com

Michael T. Hilgers (#24483)
HILGERS GRABEN PLLC
14301 FNB Parkway, Suite 100
Omaha, Nebraska 68154
Tel.: (402) 218-2106
mhilgers@hilgersgraben.com

*Attorneys for Defendant-Counterclaim-Plaintiff Fareportal Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 12, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent notification of same to all CM/ECF participants.

       /s/ Eleanor M. Lackman
       Eleanor M. Lackman