IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IAN V. JACOBS,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>FAREPORTAL, INC.,<br><br>　　　　　　Defendant. | **8:17CV362**<br><br>**ORDER** |

　　This case is before the court on the "Motion for Clarification" filed by Defendant/Counterclaimant Fareportal, Inc. ("Fareportal"). (Filing No. 246). Fareportal seeks an order clarifying specific points in the court's September 19, 2019 ruling on the cross-motions for summary judgment filed by Fareportal and Plaintiff/Counterclaim Defendant Ian V. Jacobs ("Jacobs"). (Filing No. 247 at CM/ECF p. 3).

　　Fareportal asks the court for clarification on five issues: (i) whether Jacobs' "false advertising and designation of origin" claim survived summary judgment; (ii) whether Jacobs' unjust enrichment claim survived summary judgment; (iii) whether Jacobs may maintain his "keyword bidding" theory as matter of law; (iv) whether Fareportal may maintain its failure to mitigate defense as to the issue of damages; and (v) whether the court should strike portions of its order discussing the descriptiveness of Fareportal's CHEAPOAIR® Mark. (Id. at CM/ECF pp. 6-10).

　　Fareportal's motion is granted to the extent outlined below.

## STANDARD OF REVIEW

Fareportal conceptualizes its instant request for relief as a "motion for clarification." Litigants requesting that the court reassess a previous order often stylize their motions as for "clarification," "reconsideration" or a combination of the two. But, "[t]he Federal Rules of Civil Procedure 'do not mention motions for reconsideration'" or motions for clarification. Blake v. MJ Optical, Inc., 2016 WL 3349225, at *1 (D. Neb. June 15, 2016) (quoting Elder–Keep v. Aksamit, 460 F.3d 979, 984 (8th Cir. 2006)). However, "[t]he court typically construe[s] such a filing as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." Ackerland v. United States, 633 F.3d 698, 701 (8th Cir. 2011) (internal quotation omitted); see also Basra v. Ecklund Logistics, Inc., 2017 WL 2912406, at *2 (D. Neb. July 6, 2017) (treating a motion under Rule 54(b) as a "motion to reconsider" the court's ruling on partial summary judgment").

Fareportal claims that this motion is not one to "reconsider," drawing a distinction between a request to "clarify" and a request to "reconsider." (Filing No. 247 at CM/ECF p. 5). This seems to be a distinction without a difference. As noted above, the federal rules create neither type of motion. MJ Optical, Inc., 2016 WL 3349225, at *1. And this court has largely treated "motions to clarify" and "motions to reconsider" as synonymous.

Fareportal's aversion to the above labelling is understandable: "Motions for reconsideration are disfavored." Bd. of Regents of Univ. of Nebraska v. BASF Corp., 2008 WL 924538, at *1 (D. Neb. Apr. 3, 2008). They also place a heavy burden on the party asking for the reconsideration. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988) (internal citation omitted). Motions to reconsider are only proper "to correct manifest errors of law or fact or to present newly discovered evidence." Id.

But, Fareportal never actually identifies an alternative standard that the court should apply here. To be sure, Fareportal identifies several sources of authority for the court to rule on this motion. (Filing No. 247 at CM/ECF pp. 4-6) (arguing that the court has authority to grant the pending motion under: Fed R. Civ. P. 54(b); Fed. R. Civ P. 60(a); Fed. R. Civ. P. 60(b)(6); or through the court's "inherent power"). But it never addresses when and under what limitations that authority might be wielded. Jacobs, for his part, argues that this is clearly a motion to reconsider and that Fareportal is attempting to end-run the applicable standard of review so it can reopen long-closed proceedings and improperly reargue its summary judgment motion. (Filing No. 249 at CM/ECF p. 2).

The court agrees with Jacobs that the timing and stylization of Fareportal's motion are not ideal. Fareportal waited seven in months before asking the court to "clarify" its September 19, 2019 ruling on summary judgment. As an explanation (or, maybe more aptly, as an excuse), Fareportal claims that it only recently scrutinized the court's order, having been occupied over the last many months by settlement discussions.[1]

Yet, regardless of how this motion was styled, or when it was filed, the court may, in its discretion, entertain the relief sought. The federal district courts have general discretionary authority to review and revise their interlocutory rulings prior to the entry of final judgment. Auto Servs. Co. v. KPMG, LLP, 537 F.3d 853, 857 (8th Cir. 2008) (citation omitted); see also K.C. 1986 Ltd. P'ship v. Reade Mfg.,

---

[1] In the court's previous experience with these parties, each side consistently has been both thorough and thoughtful. It seems odd, given that previous rigor, that Fareportal would have engaged in six months of "quite promising" settlement talks if it had not reviewed the court's order on summary judgment thoroughly enough to glean which claims, defenses, and legal theories remained active in the litigation. Even if Fareportal had, in its words, "put down [its] sword," it seems strange that it would have approached settlement without fully understanding the impact of summary judgment.

472 F.3d 1009, 1017 (8th Cir. 2007) (discussing the court's "inherent power to clarify and interpret ambiguities in its interlocutory orders during the pendency of the action").

Under that general authority, and pursuant to the mandate at the outset of the federal rules, the court will issue certain clarifications to its September 19, 2019 order for the purpose of efficiency and to secure the "just, speedy, and inexpensive" resolution of this matter. Fed. R. Civ. P. 1; see also Lovely Skin, Inc. v. Ishtar Skin Care Prod., LLC, 2012 WL 379930, at *11 (D. Neb. Feb. 6, 2012) (granting "motion to clarify" and noting that the court was only addressing the motion for efficiency purposes and "[t]o the extent that clarification is needed").

After reviewing the substance of Fareportal's motion, the court finds that certain points of clarification should be made, so that the court and the parties proceed down the path towards trial in full, mutual agreement as to what claims and defenses remain. The court finds that any prejudice that Jacobs may experience from the court's evaluation of Fareportal's contentions here is minimal – the court is not altering its evaluation of the facts or legal arguments on which its summary judgment ruling directly relied.

ANALYSIS

Fareportal has asked the court to revisit Filing No. 232, the court's memorandum and order adjudicating the parties' cross motions for summary judgment. Jacobs' motion (Filing No. 178) was denied in full; Fareportal's motion (Filing No. 182) was granted as to Jacobs' counterfeiting, tortious interference, and Nebraska Consumer Protection Act claims, but denied in all other respects. (Filing No. 232 at CM/ECF pp. 42).

Fareportal asserts that the court's order was ambiguous on certain fronts and, as noted above, asks that the court state more clearly its findings as to: (i) whether Jacobs' "false advertising and designation of origin" claim survived summary judgment; (ii) whether Jacobs' unjust enrichment claim survived summary judgment; (iii) whether Jacobs may maintain his "keyword bidding" theory as matter of law; (iv) whether Fareportal may maintain its failure to mitigate defense as to the issue of damages; and (v) whether the court should strike portions of its order discussing the descriptiveness of Fareportal's CHEAPOAIR® Mark. (Filing No. 247 at CM/ECF pp. 6-10). Each is taken in turn.

      A.      Jacobs' "False Advertising and Designation of Origin" Claim[2]

Fareportal first asks the court to clarify its order as it relates to Jacob's claim for "False Advertising and Designation of Origin." (Filing No. 247 at CM/ECF pp. 6-7). Fareportal's motion for summary judgment asked the court to dismiss all of Jacobs' Lanham Act claims as a matter of law. (Filing No. 182). Fareportal listed the claims for the court as follows: "infringement of a registered trademark under Section 32(1) of the Lanham Act (Count 1)[;] unfair competition under Section 43(a)(1)(A) of the Lanham Act (Count 3, part 1)[; and] false designation of origin and false advertising under Sections 43(a)(1)(A)(again) and 43(a)(1)(B) of the Lanham Act (Count 4)[.]" (Filing No. 183 at CM/ECF p. 34). Fareportal then stated

---

[2] As noted in Fareportal's briefing in support of the instant motion, "false advertising" and "false designation of origin" are distinct claims under the Lanham Act, regardless of how Jacobs' captioned Count 4 of the Complaint. (Filing No. 253 at CM/ECF pp. 6-7); see also Engineered Prod. Co. v. Donaldson Co., 165 F. Supp. 2d 836, 863 (N.D. Iowa 2001) (noting that false advertising claims are, under the Lanham Act, "deemed distinct from claims alleging false designation of origin"). This section only addresses false advertising under Section 43(a)(1)(B) of the Lanham Act and Fareportal's arguments regarding the court's failure to evaluate the appropriate elements thereof. For the same reasons Jacobs' other Lanham Act claims survived summary judgment, Jacobs' false designation claim remains in the case and the court will not address that claim here.

that "the legal standards applicable to all of these claims are identical, and the Court can assess and dispose of them together." (Id).

However, Fareportal went on to "clarify" in a footnote on the following page that "claims for false advertising under Section 43(a)(1)(B) of the Lanham Act are analyzed under a different legal standard, which requires: (1) a false statement of fact in a commercial advertisement, (2) the statement actually deceived or has a tendency to deceive a substantial segment of its audience, (3) the deception is material, in that it is likely to influence the purchasing decision, (4) the defendant caused the false statement to enter interstate commerce, and (5) the plaintiff has been or is likely to be injured as a result." (Id. at CM/ECF p. 35, n. 15) (quoting United Indus. Corp. v. Clorox Co., 140 F.3d 1175, 1180 (8th Cir. 1998)). In the same footnote, Fareportal argued that Jacobs "did not plead any facts" under his "False Advertising and Designation of Origin" claim and that the claim should therefore be dismissed because "it does not appear that Jacobs understood that he was not in fact pleading a false advertising claim." (Id).

The foregoing footnote is the only "section" of Fareportal's briefing dedicated to discussion of Jacobs' false advertising claim. Elsewhere, it is mentioned in passing, with Fareportal noting that "Jacobs never identified a false statement that would give rise to a false advertising claim." (Filing No. 183 at CM/ECF p. 69) (section on attorney fees). Thus, Fareportal's sole argument as to the false advertising claim appears to be that Jacobs' complaint does not identify the "false statement" on which it was premised. In the summary judgment briefing, neither party discusses what constitutes a false statement under the Lanham Act, whether false statements may be actual or implied, to what level of specificity false statements must have been pleaded, the nature of the evidence necessary to prove that an actionable statement was made, or any other facet of this rather complex area of federal law.

While the court did not separately take up the arguments made by Fareportal in its footnote on false advertising, "'[j]udges are not like pigs, hunting for truffles buried in briefs' or the record." ASARCO, LLC v. Union Pac. R. Co., 762 F.3d 744, 753 (8th Cir. 2014) (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir.1991)). Especially not when those "truffles" are nestled into a footnote, with no substantive discussion of the record or pleadings. A summary judgment movant cannot prevail by "merely list[ing] the elements of the claim and stat[ing] that there is no evidence to support the elements." Axxiom Mfg., Inc. v. McCoy Investments, Inc., 846 F. Supp. 2d 732, 753 (S.D. Tex. 2012). Fareportal's argument related to false statements (or lack thereof) pleaded by Jacobs was not fully or properly submitted to the court. Like Jacobs' other Lanham Act claims, he may maintain his claim for false advertising.[3]

B.   Jacobs' Unjust Enrichment Claim

Fareportal misreads the portion of the court's order on unjust enrichment. In its motion for clarification, Fareportal argues the court failed to rule on its request for summary judgment as to Jacobs' unjust enrichment claim. Instead, Fareportal claims, the court "denied Jacobs' request for judgment on his unjust enrichment

---

[3] Fareportal appears to concede in its reply brief in support of the instant motion that Jacobs might be able to support his false advertising claim on an "implied-statement theory." (Filing No. 253 at CM/ECF p. 8). That is, a theory that statements made by Fareportal in its advertisements "may be literally true or ambiguous but [ ] implicitly convey a false impression, are misleading in context, or likely to deceive customers." (Filing No. 249 at CM/ECF p. 10) (citation omitted). As Fareportal notes, false advertising claims based on implied-statements typically require survey-evidence. Fair Isaac Corp. v. Experian Info. Sols., Inc., 650 F.3d 1139, 1151-52 (8th Cir. 2011). After it ruled on summary judgment, the court excluded Jacobs' expert (and her survey evidence) from this case. Regardless of the court here allowing Jacobs to maintain his false advertising claim, he is admonished to fully evaluate whether he can do so in good faith, given the exclusion of his survey expert. Jacobs shall alert the court and Fareportal immediately if he intends to voluntarily dismiss that claim.

claim," even though Jacobs did not ask the court to rule affirmatively on that count. (Filing No. 247 at CM/ECF pp. 7-8). Put differently, Fareportal asserts that the court addressed Jacobs' unjust enrichment claim in the context of the wrong party's motion. Not so.

The section of the summary judgment order on unjust enrichment stated:

> [u]nder the circumstances presented, Jacobs' claim to recover under an unjust enrichment theory is dependent upon, not separate from, his unfair competition claims. As such, like the unfair competition claims, Jacobs' claim for unjust enrichment must be decided by the finder of fact and not on a motion for summary judgment.

(Filing No. 232 at CM/ECF p. 39). The court therefore found that Jacobs' unjust enrichment theory, like its unfair competition claims, raises fact issues that cannot be decided on summary judgment, thus denying Fareportal's motion.

Fareportal argued at summary judgment, and on the instant motion, that Jacobs cannot maintain an unjust enrichment theory that simply restates his trademark infringement claim. "Rather," Fareportal asserted, "Jacobs must put forth evidence that Fareportal received and retained money and ought to pay it to Jacobs as a matter of justice and fairness." (Filing No. 183 at CM/ECF p. 55) (quoting Kalkowski v. Nebraska Nat'l Trails Museum Found., Inc., 290 Neb. 798, 806 (2015)). Fareportal's point is well taken but it did not then and does not now change the court's summary judgment analysis. The court found that evidence of "Fareportal's attempt to buy the CHEAPO® mark, its bidding for the keyword 'cheapo', and the timing and context of Fareportal's use of the word 'cheapo' in advertising" must be evaluated by the factfinder. (Filing No. 232 at CM/ECF p. 27). A factfinder could decide that some of these acts support the Lanham Act claim and different facts support the unjust enrichment claims. While plainly entangled—as noted by the court in its order—they are not plainly coextensive. To the extent

that the order is unclear, the court here clarifies that Jacobs' may maintain his unjust enrichment claim.

As a related note, the discussion on unjust enrichment was the final section of the court's order on summary judgment (before transition to a brief discussion on the then-pending Daubert issues). (Filing No. 232 at CM/ECF p. 39). As a result of its location in the order, the unjust enrichment section is followed by an overarching summary of the court's ruling on both parties' motions. That concluding paragraph states that

> [t]o summarize, Jacobs' motion for summary judgment will be denied. Fareportal's motion will be granted as to Jacobs' claims for tortious interference of a business relationship, counterfeiting in violation of the Lanham Act, and unfair competition in violation of the Nebraska Consumer Protection Act. But in all other respects, Fareportal's motion for summary judgment will be denied.

(Filing No. 232 at CM/ECF p. 39). It occurs to the court that perhaps Fareportal was confused that the court went from its analysis on unjust enrichment to immediately discussing the parties' motions collectively. While potentially neither here nor there, the court notes this structural feature of the order in an effort to further clarify its previous findings.

C.   Keyword Bidding

Fareportal next argues that the summary judgment order is unclear as to whether Jacobs may maintain his claims arising from Fareportal's keyword bidding practices as they relate to the term "cheapo." (Filing No. 247 at CM/ECF p. 9). In the summary judgment order, the court specifically noted that "the purchase of a competitor's marks as keywords alone, without additional behavior that confuses

consumers, is not actionable as unfair competition." (Filing No. 232 at CM/ECF p. 27) (collecting cases). But the court determined that

> <u>considered collectively</u>, Fareportal's attempt to buy the CHEAPO® mark, its bidding for the keyword "cheapo", and the timing and context of Fareportal's use of the word "cheapo" in advertising, could support a finding of intent to misappropriate the CHEAPO® mark and thereby confuse the public. Interpreting such evidence and its meaning cannot properly be done on a summary judgment record. Instead, the factfinder must be afforded the opportunity to hear the testimony and see the witnesses as they testify.

(Filing No. 232 at CM/ECF p. 27) (emphasis added). Fareportal argues that the "implication" from this section of the order is that Jacobs' keyword bidding theory "fails as a matter of law." (Filing No. 247 at CM/ECF p. 9). The court is uncertain how Fareportal interpreted the above as supporting that implication. To the extent clarification is needed, Fareportal's keyword bidding practices remain in the case and can be considered collectively with its other purportedly wrongful activities.

As noted by Fareportal, there are potential antitrust issues and policy arguments related to competition and consumer choice in the free market that caution against arduous restrictions on keyword bidding. The court is cognizant of that law and those arguments. But, while Fareportal has consistently characterized its bidding as a "garden variety," harmless business practice, the court found that its bidding <u>in context with its other alleged acts</u> (i.e., the timing and context of its attempts to buy Jacobs' mark, and its use of the term "cheapo" in advertising), <u>may</u> be enough to establish liability. The factfinder will weight and interpret the evidence on those issues.

    D.    Fareportal's Mitigation Defense

In its motion for clarification, Fareportal argues that Jacobs did not request summary judgment on Fareportal's affirmative defenses and that the court therefore improperly evaluated the Fareportal's "failure to mitigate" defense in its summary judgment order. Fareportal claims that at summary judgment, it "briefly referenced" its affirmative defenses simply "to underscore" its "overall theme." (Filing No. 247 at CM/ECF p. 8, n. 4).

The court agrees that Jacobs did not ask the court to weigh in on Fareportal's mitigation defense at summary judgment: It was Fareportal that put the mitigation defense before the court. In its reply brief in support of its summary judgment motion, Fareportal argued that "Jacobs has failed to meaningfully explain how, as a matter of law, there is any question that Fareportal's unclean hands and 'failure to mitigate' defenses do not merit wholesale dismissal of Jacobs' Complaint." (Filing No. 216 at CM/ECF p. 56).

Thus, Fareportal argued that it was entitled to summary judgment based on its mitigation defense. Because Fareportal raised mitigation as grounds for summary judgment, the court evaluated the defense and determined that it was not. The court was not ruling on phantom issues in Jacobs' motion – it was ruling on specific arguments raised by Fareportal in support of its own summary judgment request.

Discussing failure to mitigate, the court noted that "Fareportal argues <u>it is entitled to summary judgment</u> on Jacobs' unfair competition claims because Jacobs failed to mitigate his damages." (Filing No. 232 at CM/ECF pp. 35-36) (emphasis added). The court went on to find that failure to mitigate was not a basis for summary judgment on the relevant claims. (Id. at CM/ECF p. 36).

The court's summary judgment order did not strike, dismiss or otherwise dispose of Fareportal's mitigation defense as it relates to damages.

E.     Descriptiveness of Incontestable Marks

Fareportal ask the court to clarify dicta in its order related to the descriptiveness of its CHEAPOAIR® Mark.

The court makes the following clarification: Fareportal's CHEAPOAIR® Mark is incontestable and 'cannot be challenged . . . for mere descriptiveness, or on the basis that the mark lacks secondary meaning.'" B & B Hardware, Inc. v. Hargis Indus., Inc., 569 F.3d 383, 389 (8th Cir. 2009) (quoting Sunrise Jewelry Mfg. Corp. v. Fred S.A., 175 F.3d 1322, 1324 (Fed. Cir. 1999)). Any dicta, discussion, or commentary in the court's summary judgment order that indicates otherwise will be disregarded by the court and the parties.

This clarification does not change the outcome of summary judgment on any claim or defense.

Accordingly, IT IS ORDERED that Fareportal's Motion for Clarification (Filing No. 246) is granted, as specifically outlined herein.

Dated this 23rd day of July, 2020.

> BY THE COURT:
>
> *s/ Cheryl R. Zwart*
> United States Magistrate Judge